UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HUY VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00237-JAW |
| | ) | |
| | ) | |
| RANDALL LIBERTY, WARDEN | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Huy Van Nguyen seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF Nos. 1, 16.) The State has requested dismissal because, the State argues, the petition was not timely filed under 28 U.S.C. § 2244(d). (Response, ECF No. 20.)

After a review of the petition and the State's request for dismissal, I recommend the Court grant the State's request, and dismiss the petition.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in February 2006 for kidnapping, in violation of 17-A M.R.S. § 301(1)(B)(1), and intentional or knowing murder, in violation of 17-A M.R.S. § 201(1)(A). (*State v. Nguyen*, No. ALFSC-CR-2006-00073 (Me Super. Ct., York Cty.), State Court Record ("Record"), ECF No. 20-1 at 3.) The State dismissed the kidnapping charge at the beginning of the June 2007 ten-day jury trial. (Response at 2 n.1; Record at 3, 14-17.) The jury found Petitioner guilty of murder. (Record at 17.)

Petitioner filed a motion for a new trial; following a November 2007 hearing, the court denied the motion in January 2008. (Record at 17-19.) In April 2008, the court

sentenced Petitioner to a 45-year term of imprisonment. (Record at 20.) In July 2008, the Sentence Review Panel denied Petitioner's application for leave to appeal from the sentence. (*State v. Nguyen*, No. SRP-08-246, Record at 23.)

On March 2, 2010, the Law Court affirmed the judgment. *State v. Nguyen*, 2010 ME 14, 989 A.2d 712. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

On December 20, 2011, Petitioner filed a state court petition for post-conviction review. (*Nguyen v. State*, No. ALFSC-CR-2011-02726 (Me. Super. Ct., York Cty.), Record at 29.) The trial court entered the denial of the petition on February 18, 2016. (Record at 32.) The Law Court denied discretionary review on June 22, 2016. (*Nguyen v. State*, No. Yor-16-124, Record at 34-35.)

Petitioner filed another state court petition for post-conviction review in December 2016; the court summarily dismissed the petition in February 2017. (*Nguyen v. State*, No. YRKCD-CR-2016-01090 (Unified Criminal Docket, York Cty.), Record at 37.)

In his section 2254 petition, which Petitioner signed on June 15, 2017, and was filed on June 22, 2017, Petitioner asserts claims based on the jury instructions, the admission of impeachment evidence, and the prosecutor's closing argument. (Petition at 5-10.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under § 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner did not timely file his petition. The one-year limitation period for filing a section 2254 petition starts when the judgment is final. *See* § 2244(d)(1)(A). A judgment is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). In Petitioner's case, the judgment became final on May 31, 2010, which was 90 days after the March 2, 2010, date on which

the Maine Supreme Judicial Court issued its decision in Petitioner's appeal. *See* Rule 13 of the Rules of the Supreme Court of the United States ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.") Accordingly, pursuant to section 2244(d)(1)(A), the limitation period expired on May 31, 2011, i.e., one year after the judgment was final.

Because Petitioner filed for post-conviction review in state court, Petitioner might attempt to argue that under section 2244(d)(2), the limitation period of § 2244(d)(1) was tolled while the state review was pending. "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted).

Section 2244(d)(2), however, does not apply because Petitioner did not file for post-conviction review in state court until December 20, 2011, which was after the one-year limitation period under section 2244(d)(1)(A) had expired.[1] *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (holding "the time under § 2244(d)(1)(A) had expired long before Teas filed his federal petition−and, because no application for collateral review

---

[1] The record reflects that on June 10, 2011, Petitioner wrote to the state court regarding the possibility of filing a post-conviction petition. (State Court Record, ECF No. 20-1 at 22.) The state court appointed counsel to assist Petitioner in his assessment of a potential claim. Even if this Court construed June 10, 2011, as the filing date of Petitioner's request for state court post-conviction relief, the one-year period would have expired before Petitioner filed his first request for post-conviction review in the state court.

4

was 'pending' in state court between [the dates relevant to Teas's case], the tolling rule of § 2244(d)(2) does not make the federal petition timely"). In other words, § 2244(d)(2) cannot toll a limitation period that has already expired. In this case, given that Petitioner did not file either of his requests for state court post-conviction review until after the expiration of the limitation period prescribed by section 2244(d)(1)(A), section 2244(d)(2) is of no assistance to Petitioner. *See Teas*, 494 F.3d at 582-83.

In short, Petitioner's section 2254 petition is untimely because Petitioner filed the petition after the one-year limitation period under section 2244(d)(1)(A) expired.[2] Dismissal of the petition, therefore, is warranted.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[2] Petitioner does not allege any facts to suggest, nor does the record reflect any information that would suggest, that any of the start dates date set forth in section 2244(d)(1)(B), (C), or (D) applies.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of April, 2018.