UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HUY VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00237-JAW |
| | ) | |
| RANDALL LIBERTY, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

Huy Van Nguyen objects to the recommended decision of the Magistrate Judge on his petition for relief under 28 U.S.C. § 2254. After performing a de novo review, the Court affirms the Magistrate Judge's recommended decision, overrules Mr. Nguyen's objection, and dismisses his petition for a writ of habeas corpus because Mr. Nguyen filed the petition beyond the one-year statute of limitations. The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and for the reasons further set forth herein, and determines that no further proceeding is necessary.

**I.  BACKGROUND**

Following a February 2006 indictment in state court, in June 2007, a jury found Huy Van Nguyen guilty of intentional and knowing murder, a violation of 17-

A M.R.S. § 201(1)(A).[1] Mr. Nguyen moved for a new trial and in January 2008, the trial court denied the motion. In April 2008, the state court sentenced Mr. Nguyen to forty-five years in prison. In July 2008, the Sentence Review Panel denied Mr. Nguyen's application for leave to appeal from the sentence. Mr. Nguyen appealed his conviction to the Maine Supreme Judicial Court and on March 2, 2010, the Maine Supreme Judicial Court affirmed the conviction. *State v. Nguyen*, 2010 ME 14, 989 A.2d 712 (2010). Mr. Nguyen did not file a petition for writ of certiorari with the United States Supreme Court.

On December 20, 2011, Mr. Nguyen filed a state court petition for post-conviction review. *See Nguyen v. State*, No. ALFSC-CR-2011-02726 (Me. Super. Ct. York Cnty.). The Maine Superior Court denied the petition on February 18, 2016 and the Maine Supreme Judicial Court denied discretionary review on June 22, 2016. Mr. Nguyen filed another state court petition for post-conviction review in December 2016 and the Superior Court summarily dismissed the petition in February 2017.

Mr. Nguyen filed his petition for writ of habeas corpus with this Court on June 22, 2017. *Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1). On February 2, 2018, the Warden moved to dismiss the petition on the ground that it was untimely. *Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 20). On March 14, 2018, this Court referred the motion to dismiss to the Magistrate Judge for a recommended decision. On April 19, 2018, the Magistrate Judge issued a recommended decision and

---

[1] The State dismissed a charge of kidnapping, an alleged violation of 17-A M.R.S. § 301(1)(B)(1), at the beginning of the jury trial.

recommended that the Court dismiss the petition as untimely. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 23) (*Recommended Decision*). Mr. Nguyen objected to the recommended decision on April 30, 2018. *Pet. Mot., Obj. for State Resp.'s Mot. to Dismiss* (ECF No. 25).

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

On April 19, 2018, the Magistrate Judge issued a recommended decision in which he recommended that the Court grant the state of Maine's motion to dismiss the petition. *Recommended Decision* at 1. The Magistrate Judge noted that Congress has imposed a strict one-year time limit within with a petitioner may bring a § 2254 petition. *Id.* at 3 (quoting 28 U.S.C. § 2244(d)). The Magistrate Judge concluded that the limitation period, namely the period within which Mr. Nguyen could bring a petition, lapsed on May 31, 2011. *Id.* at 4. The period during which Mr. Nguyen was seeking post-conviction review in the state court would not toll the one-year period because he initiated his state petition on December 20, 2011 and the federal statute of limitations had already run. *Id.* In the words of the Magistrate Judge, "§ 2242(d)(1)(A) cannot toll a limitation period that has already expired." *Id.* at 5. The Magistrate Judge therefore recommended that Mr. Nguyen's § 2254 petition be dismissed. *Id.* at 5.

## III. HUY VAN NGUYEN'S OBJECTION

In his objection, Mr. Nguyen recites the chronology of his charge, trial, and this petition. *Pet'r's Mot., Obj. for State Respondent's Mot. to Dismiss* (ECF No. 25). However, Mr. Nguyen's description of the sequencing of the state and federal cases

does not address why his federal petition is not beyond the statute of limitations. *Id.* at 1-2.

On May 9, 2018, Mr. Nguyen supplemented his objection by filing a copy of a motion for reconsideration that he originally filed with the Maine Superior Court on March 6, 2012. *Pet'r's Mot. for Recons.* (ECF No. 27). In that motion, Mr. Nguyen explained that he has lacked the assistance of counsel and has found it difficult to understand "the language, let alone the laws and statutes of the States." *Id.* at 1. Mr. Nguyen asks the Court to contact a Maine State Superior Court Justice to confirm that Mr. Nguyen wrote to him in December 2010 to request his assistance in obtaining his trial material, so that he could file a post-conviction petition. *Id.* He says that "no one advised me of any deadlines or that what I was attempting to file was a post conviction and not an appeal." *Id.* at 2. He acknowledges that "at some point in time prior to my time to file a post conviction petition", the Superior Court appointed counsel to represent Mr. Nguyen. *Id.* He claims that the appointment of counsel by the state court "shows that I should not be held to a statutory time limit." *Id.* He maintains that "I should have that time stopped when I wrote to the court asking for assistance in filing the post conviction." *Id.*

## IV.  DISCUSSION

In his objection, Mr. Nguyen does not challenge the Magistrate Judge's determination that his federal petition was untimely. Instead, the Court interprets his refiled 2012 motion for reconsideration as urging the Court to excuse the late habeas petition because he was not represented by counsel, because his prior attorneys failed to advise him about the time limits for a federal habeas proceeding,

and because he had difficulty understanding the complexities of the state and federal court systems, a difficulty compounded by problems with translation.

Although Mr. Nguyen does not directly refer to it, equitable tolling can be available to a litigant who has made a late filing under § 2244(d)(2).[2] *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling would be available to Mr. Nguyen "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Unfortunately for Mr. Nguyen, the circumstances he describes do not constitute sufficient grounds to proceed with his untimely § 2254 petition because he has neither demonstrated that he pursued his rights diligently nor that there was some extraordinary circumstance that stood in his way. For example, although Mr. Nguyen blames his lawyers and the courts in the state system for failing to inform him about the one-year statute of limitations in the federal system, the Supreme Court ruled that "[b]ecause a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does

---

[2] A separate basis for overruling the objection is that Mr. Nguyen did not mention equitable tolling in his filings before the Magistrate Judge. He therefore waived the right to bring an argument to this Court that he failed to raise before the Magistrate Judge. *See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate[ ] not only their best shot but all of their shots") (internal quotation marks and citation omitted). Nevertheless, the Court is addressing the equitable tolling argument because in fairness to Mr. Nguyen, he may not have realized that his petition was late until the Magistrate Judge ruled that it was.

not qualify as cause to excuse a procedural default." *Davila v. Davis*, 582 U.S. \_\_\_, 147 S. Ct. 2058, 2062 (2017) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

Here, even if Mr. Nguyen could raise ineffective assistance of counsel to claim equitable relief from the one-year statute of limitations, he is not complaining that the attorneys in the state proceedings gave him incorrect advice, just that they failed to inform him about the time limits for potential federal proceedings for which they did not represent him. These allegations, taken for the moment as true, do not rise to the standard for attorney neglect that would meet the excusable neglect standard. As the Supreme Court reaffirmed in *Holland*, "a garden variety claim of excusable neglect," 560 U.S. at 651-52 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *id.* (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), does not warrant equitable tolling." *Id.* at 651-52. It is difficult to see how the advice a lawyer did not give about the possibility of a proceeding, regarding which the lawyer did not represent the client, could fit within this heightened definition of excusable neglect for purposes of tolling the federal statute.

Although the Court is sympathetic to Mr. Nguyen's translation and comprehension issues, the Court does not view those matters, as sparsely set forth in his refiled motion, as sufficient to justify equitable tolling in this case. The plain fact is that Mr. Nguyen managed to file his § 2254 petition and all subsequent documents in English. Mr. Nguyen's stated translation and comprehension difficulties do not address the central question: why, since he was able to file and prosecute his § 2254

petition on an untimely basis, could he not have done so on a timely one? There is no answer to this question in Mr. Nguyen's filings.

In short, having not challenged the Magistrate Judge's determination that his § 2254 petition was untimely, Mr. Nguyen failed to meet the *Holland* criteria for equitable tolling of the one-year statute of limitations and the Court therefore affirms the Magistrate Judge's recommended decision.

## V. CONCLUSION

The Court AFFIRMS the Recommended Decision of the Magistrate Judge, *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 23), and OVERRULES the Petitioner's Objection as supplemented. *Pet. Mot., Obj. for State Resp.'s Mot. to Dismiss* (ECF No. 25); *Pet'r's Mot. for Recons.* (ECF No. 27). In the event the petitioner seeks a certificate of appealability under 28 U.S.C. § 2254, the Court DENIES a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

                                                 <u>/s/ John A. Woodcock, Jr.</u>
                                                 JOHN A. WOODCOCK, JR.
                                                 UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2018